UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

FREDERICK DIAZ,

                                  Plaintiff,

    -against-                                           9:08-CV-1208 (LEK/DRH)

BRIAN FISCHER, Commissioner,
Department of Corrections; HAROLD D.
GRAHAM, Superintendent, Auburn
Correctional Facility; STEVEN BYRNE,
Lieutenant; TIMOTHY QUINN, Lieutenant;
GREGORY REDMOND, Lieutenant,
Auburn Correctional Facility; JAMES
CADY, Correctional Officer, Auburn
Correctional Facility; ROBERT BURDICK,
Correctional Officer, Auburn Correctional
Facility; and JOSEPH MERVILLE,
Correctional Officer, Auburn Correctional
Facility,

                                  Defendants.

**<u>DECISION AND ORDER</u>**

      This matter comes before the Court following a Report-Recommendation filed on February 23, 2010 by the Honorable David R. Homer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 42). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including Plaintiff Frederick Diaz' Objections, (Dkt. No. 43) ("Objections"), which were filed on March 8, 2010.

      It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

This Court has considered the Objections, undertaken a *de novo* review of the record, and determined that, except as specifically noted and for the reasons discussed below, the findings of the Report-Recommendation are adopted.  As detailed below, Defendants' Motion to dismiss (Dkt. No. 25) is partially granted; Plaintiff may pursue his retaliation and due process claims against Defendant Quinn; and Plaintiff's Complaint (Dkt. No. 1) is dismissed in its entirety as to Defendants Fischer; Graham; Redmond; Burdick; and Merville.  The Court does not reach any conclusions with regard to Plaintiff's claims against Defendants Byrne and Cady,[1] who are not party to the instant Motion.  See Mem. of Law in supp. of Defs.' Mot. to Dismiss (Dkt. No. 25-1) ("Defs.' Mem.").

**I.   STANDARD OF REVIEW**

The Report-Recommendation correctly noted the standard of review applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In short, when considering a motion to dismiss under 12(b)(6), a district court must accept the factual allegations made by the non-moving party as true and "draw all inferences in the light most favorable" to the non-moving party.  In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] Plaintiff appears to make an Eighth Amendment claim against Defendants Byrne and Cady for their alleged assault against him.  Compl. ¶¶ 63-69.  Plaintiff also appears to alleged that Defendant Byrne violated his Fourteenth Amendment right to due process.  Id. 60-73.

Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 1950.  If a plaintiff provides well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

## II.     DISCUSSION

### A.     Loss of Property and Conditions of Confinement

The Report Recommendation, noting Plaintiff's *pro se* status, entitled Plaintiff to special solicitude and construed his pleadings liberally.  Report-Rec. at 12 (citing Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  The Magistrate thus considered the pleadings to include a due process claim for lost property and an Eighth Amendment claim based on the conditions of Plaintiff's keeplock cell.  While Plaintiff objects to certain findings associated with the Magistrate's analysis of these issues, his Objections make clear that he is not asserting these claims.  Objections at 4.  Moreover, the Court finds no error in the Report-Recommendation's treatment of these claims.  They are dismissed.

### B.     Personal Involvement of Defendants Fischer, Quinn, and Graham

Defendants claim that Plaintiff has failed to allege facts showing the personal involvement of  Defendants Fischer, Quinn, and Graham in the constitutional violations he alleges.  See Defs.' Mem. at 4-7.  Upon *de novo* review of the record and consideration of Plaintiff's Objections, the Court has determined that the Report-Recommendation's findings on this issue should be approved for the reasons stated therein.  Thus, Defendants' Motion to

3

dismiss is granted with regard to Defendant Fischer for lack of personal involvement, but denied on this ground as to Defendants Quinn and Graham.

### C.     Plaintiff's Retaliation Claims

To state a claim of unconstitutional retaliation, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001) *overruled on other grounds;* Gill v. Pidlypchak, 389 F.3d 379, 381-83 (2d Cir. 2004). Given the relative ease with which claims of retaliation can be alleged, however, courts have scrutinized such retaliation claims with particular care. See Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

The Report-Recommendation correctly noted that even where a plaintiff alleges retaliation for a constitutionally protected activity, any "'adverse action taken for both proper and improper reasons may be upheld if the action would have been taken based on the proper reasons alone.'" Report-Rec. at 17 (quoting Jackson v. Onondaga County, 549 F. Supp. 2d 204, 215 (N.D.N.Y. 2008) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Thus, where a plaintiff shows that he was engaged in a constitutionally protected activity and that protected conduct was a "substantial or motivating factor in the prison officials' decision to discipline the plaintiff," the state action may still be upheld if defendants "show by a preponderance of the evidence that they would have disciplined the plaintiff 'even in the absence of the protected conduct.'" Graham, 89 F.3d at 79 (quoting Mount Healthy Sch. Dist. v. Doyle, 429 U.S. 274, 287 (1977)). This showing may be

properly made upon a motion for summary judgment, as the cases cited in the Report-Recommendation indicate. See also Sher v. Coughlin, 739 F.2d 77, 81-82 (2d Cir. 1984) (summary judgment appropriate where "there can be no doubt that the administrative reasons relied on by the defendants would have caused them to" undertake the conduct at issue); Lowrance v. Achtyl, 20 F.3d 529, 535 (2d Cir. 1994) (same); Scott v. Coughlin, 344 F.3d 282 (2d Cir. 2003) (reversing a grant of summary judgment where, after defendants' showing, factual issues still remained on issues including whether the severity of punishment would have been the same without the retaliatory motive). Where retaliation is alleged in "wholly conclusory terms" it may be dismissed on the pleadings; where factual support exists linking the alleged retaliatory conduct to the protected activity, some and perhaps full discovery should be allowed. Flaherty, 713 F.2d at 13 ("a retaliation claim supported by specific and detailed factual allegations which amount to a persuasive case ought usually be pursued with full discovery. However, a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone.").

    **1.**    *Defendants Merville and Burdick*

In his Report-Recommendation, the Magistrate found that Plaintiff's retaliation claim against Defendants Merville and Burdick fails because the alleged retaliation, misbehavior reports authored by Burdick and endorsed by Melville, which cited Plaintiff for not appearing to work as scheduled were: 1) were written for a proper purpose; 2) related to Plaintiff's employment status and not to a constitutionally protected activity; or 3) related to Plaintiff's filing grievances, which is a protected activity, but one which occurred subsequent to the alleged retaliation, and could not therefore be the basis of that alleged

conduct.  Report-Rec. at 18.  The Report-Recommendation did not specifically address Plaintiff's claim of retaliation by these Defendants based on Plaintiff's membership on the Inmate Grievance Resolution Committee ("IGRC") and Inmate Liaison Committee ("ILC"). Objections at 6; Compl. ¶ 26.  Plaintiff's activities taken on behalf of the ILC (complaining about defective typewriters) constitutes protected activity.  See Shaheen v. Filion, No. 9:04-CV-625, 2006 WL 2792739 (N.D.N.Y. Sept. 17, 2006); Alnutt v. Cleary, 913 F. Supp. 160, 169 (W.D.N.Y. 1996).  The Court nevertheless upholds the conclusion of the Magistrate, as Plaintiff fails to state a plausible retaliation claim against Merville and Burdick.

Plaintiff admits that the work schedule indicated that he was required to be at work and he was not.  Report-Rec. at 21; Compl. ¶ 24.  However, Plaintiff alleges that the Defendants purposefully changed the work schedule in order to catch him in violation, that being written up for such trivial violations is unheard of, and that the real motivation was retaliation against Plaintiff for, amongst other things, membership in the IGRC and ILC. Compl. ¶ 24-26.  Plaintiff alleges that Merville and Burdick "did not like the fact that plaintiff was a member of the Inmate Liaison Committee [and] . . . became even more hostile to plaintiff over" the ILC's recommendation that the Law Library's typewriters were defective and needed replacement.  Compl. ¶ 26.  After this incident, Plaintiff alleges that "Merville made it clear to plaintiff that he should never go behind his back again with any issue to the ILC."  Id.

The Court, taking Plaintiff's factual allegations as true, finds that Plaintiff's claim against Burdick must be dismissed.  The mere allegation that Burdick "did not like" that Plaintiff was a member of the ILC and became hostile to him after finding out about such

6

membership, does not causally link the alleged unconstitutional retaliation by Burdick to Plaintiff's ILC membership. Plaintiff's claim to the contrary is a mere conclusion and "not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950.

Plaintiff's allegations against Merville similarly fail to state a plausible retaliation claim. Assuming Merville told Plaintiff not to make complaints about prison conditions behind his back via the ILC, Plaintiff's assertion that Merville's subsequent endorsement of the misbehavior report filed against Plaintiff was caused by Plaintiff's ILC membership is wholly conclusory.

Because no factual allegations support a linkage between the alleged retaliation and Plaintiff's ILC membership, his claims against Burdick and Merville are properly dismissed. Flaherty, 713 F.2d at 13 ("a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone.").

### 2. *Defendant Quinn*

The Court finds that Plaintiff has alleged a plausible claim of retaliation against Defendant Quinn. Plaintiff alleges that Defendant Quinn issued a falsified misbehavior violation once he discovered Plaintiff was the ILC Secretary. Compl. ¶ 42. According to Plaintiff's Complaint, Quinn's issued Plaintiff a false misbehavior report because of the content of Plaintiff's earlier filed grievances against Sergeant Cox[2] and because of Plaintiff's membership in the ILC. Compl. 35-45; see also Pl.'s Opp'n to Defs.' Mot. to Dismiss (Dkt. No. 27) at 2-3; Objections (Dkt. No 43) at 6. The Report-Recommendation appears to have read Plaintiff's retaliation claim against Quinn as largely stemming from the grievance

---

[2]Not a party to the present action.

7

Plaintiff filed subsequent to the issuance of the misbehavior report, rather than those filed against Cox prior to its issuance.[3] Report-Rec. at 19. The Report-Recommendation did not address Plaintiff's assertion that his ILC membership was a motivating factor in Quinn's allegedly unconstitutional conduct. Id.

Plaintiff provides several facts in support of his claim. For example, Plaintiff's contact with Defendant Quinn sprang from the latter's investigation of grievances pertaining to the IGRC's handling of grievances filed by Plaintiff; during their interview Quinn allegedly berated Plaintiff specifically about the latter's filing grievances; Quinn issued Plaintiff a misbehavior report following a pat-down leading to the discovery of an ILC card in Plaintiff's wallet; upon finding this card Quinn allegedly said, "Now I'm definitely having you moved out of E-Block;" and the penalty of being sent to the Special Housing Unit ("SHU") that Plaintiff received as a result of the violation issued by Quinn was allegedly extraordinarily harsh[4] but also required in order to remove Plaintiff from his ILC position. Compl. ¶¶ 35-48. Given the stage of litigation and the allegations contained in Plaintiff's Complaint, dismissal of Plaintiff's retaliation claim against Quinn is, at present, inappropriate. Flaherty, 713 F.2d at 13; Davis v. Goord, 320 F.3d 346, 352-53 (2d Cir. 2003); Gill v. Pidlypchak, 389 F.3d 379 (2d Cir. 2004).

    **3.**     *Defendant Graham*

---

[3] The filing of grievances is clearly a constitutionally protected activity. See Davis v. Goord, 320 F.3d 346, 352-53 (2d Cir. 2003) (citing Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996)); Franco v. Kelly, 854 F.2d 584, 590 (2d Cir. 1988).

[4] The original penalty of 120 days in the Special Housing Unit was significantly lessened on appeal to 14 days with 46 days in keeplock. Compl. ¶ 48.

8

The Court has undertaken a *de novo* review of the record and has determined that the Report-Recommendation's findings on this issue should be approved for the reasons stated therein. Plaintiff's allegations of retaliation by Defendant Graham are entirely conclusory and this claim is properly dismissed.

### D.     Plaintiff's Due Process Claims

#### 1.     *Preclusion under the "Favorable Termination" Rule*

The Court finds that the Report-Recommendation's conclusion that Plaintiff's claim is precluded under the "favorable termination" rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), and extended under Edwards v. Balisok, 520 U.S. 641 (1997) is incorrect. The Heck rule provides that if a determination favorable to the plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence," a plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid in order to recover damages under § 1983. 512 U.S. at 486-87. Edwards extended this rule to challenges to prison disciplinary proceedings. 520 U.S. 641.

That rule, however, does not apply where, as here, Plaintiff is challenging the conditions of prison life rather than the validity of his sentence and the complained of disciplinary violation does not affect the duration of his confinement. See Jenkins v. Haubert, 179 F.3d 19, 27 (2d Cir. 1999) ("a § 1983 suit by a prisoner . . . challenging the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement is not barred by Heck and Edwards").

#### 2.     *Due Process Claims*

The fact that Plaintiff's claim is not precluded under Heck and Edwards does not end

the inquiry. An inmate asserting a violation of his Fourteenth Amendment right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001). Plaintiff's Complaint asserts a denial of his Fourteenth Amendment right to due process as a result of his confinement in SHU after being issued a false misbehavior report allegedly issued in retaliation for his exercising his constitutional rights, and as a result of allegedly unfair disciplinary hearings.

To state a due process violation, a prisoner must satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Sandin requires a prisoner to establish that the deprivation was atypical and significant in relation to ordinary prison life. Id. at 484; see also Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir.1996). The fact that an inmate has been disciplined with a SHU confinement alone is insufficient to establish an atypical and significant deprivation. Sandin, 515 U.S. 472.

Further, "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report. Boddie v. Schneider, 105 F.3d 857, 862 (2d Cir. 1997) (citing Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). However, where a plaintiff has alleges that he was falsely accused in retaliation for engaging in a protected activity and that false accusation led to a deprivation of a liberty interest, his right to due process is implicated. Franco v. Kelly, 854 F.2d 584, 588-90 (2d Cir. 1988). As discussed above, Plaintiff has alleged a plausible retaliation claim against Defendant Quinn. The alleged retaliation involved the issuance of a disciplinary violation that led to Plaintiff's confinement in SHU. Thus, Plaintiff has alleged a plausible claim that Quinn violated his

right to due process.  Id.

An inmate also "ha[s] a due process right to a hearing before he may be deprived of a liberty interest on the basis of a misbehavior report."  Boddie, 105 F.3d at 862 (citing Freeman v. Rideout, 808 F.2d at 951).  In this case, after Quinn issued Plaintiff's misbehavior report, Plaintiff received a hearing, adjudicated by Defendant Redmond. Compl. ¶ 46.  Plaintiff alleges that this hearing was a "farce" and alleges a due process claim against Redmond for his participation in it.  Plaintiff asserts that Redmond's determination, a sentence of 120 days in SHU, was an excessive punishment imposed on Plaintiff only because Redmond was friends with Quinn.  Id. at 47.  Plaintiff claims that the sentence was retaliatory and supports this by referring to the fact that the disposition was lessened on appeal to only 14 days in SHU followed by 46 days in keeplock.

In this Circuit, "[f]or a prison disciplinary proceeding to provide due process there must be, among other things, 'some evidence' to support the sanction imposed."  Ortiz v. McBride, 380 F.3d 649, 655 (2d Cir. 2004) (quoting Gaston v. Coughlin, 249 F.3d 156, 163 (2d Cir. 2001)), cert. denied 543 U.S. 1187 (2005).  Accordingly, "judicial review of the written findings required by due process is limited to determining whether the disposition is supported by 'some evidence.'"  Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (quoting Superintendent v. Hill, 472 U.S. 445, 455 (1985)).  "This standard is extremely tolerant and is satisfied if there is any evidence in the record that supports the disciplinary ruling."  Id. (quoting Friedl v. City of New York, 210 F.3d 79, 85 (2d Cir. 2000)).  Thus, the simple fact that Plaintiff's disposition was reduced on appeal is inadequate to support Plaintiff's claim against Redmond for violation of due process.  On the other hand, there is "some evidence"

to support Redmond's findings, namely Quinn's testimony regarding the underlying events leading to Plaintiff's being issued a violation. Finally, Plaintiff's claim that Redmond acted out of retaliation is entirely conclusory. Therefore, his claim against Redmond is dismissed.

Plaintiff makes an additional due process claim against Defendant Graham for upholding a disposition against Plaintiff following an alleged assault against Plaintiff by Defendants Byrne and Cady during a separate grievance hearing over which they were presiding. Compl. ¶¶ 59-78. Plaintiff claims Graham upheld the disposition in retaliation for Plaintiff's filing of grievances, which he alleges also to have been the cause of Byrne and Cady's assault against him. Graham upheld Byrne's disposition despite the fact that he listened to the audiotape that was recording the session and found that the recording was stopped at the time of the alleged assault. Nevertheless, there is no factual support that Graham's actions were made in retaliation for Plaintiff's filing grievances. There is, however, "some evidence" to support Graham's disposition, including the findings in Byrne's disposition and the testimony by Byrne regarding the reason that the audio tape was paused. Plaintiff's claim against Graham is dismissed.

E.   **Plaintiff's Equal Protection Claim**

The Court has undertaken a *de novo* review of the record and has determined that the Report-Recommendation's findings on this issue should be approved for the reasons stated therein. Accordingly, Plaintiff's equal protection claim is dismissed.

F.   **Qualified Immunity**

Defendants claim that they are entitled to qualified immunity. The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted); Anderson v. Creighton, 483 U.S. 635, 638 (1987).  To determine whether a defendant is entitled to qualified immunity, a court must first determine whether, based upon the facts alleged, the plaintiff has facially established a constitutional violation. Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 211 (2d Cir. 2003).  If so, the court must then determine whether the right in issue was clearly established at the time of the alleged violation.  Id. (citing Saucier v. Katz, 533 U.S. 194, 201-02 (2001), overruled on other grounds by Pearson v. Callahan, 129 S. Ct. 808 (2009)); Poe v. Leonard, 282 F.3d 123, 133 (2d Cir. 2002).  Finally, if the plaintiff had a clearly established, constitutionally protected right that was violated, he or she must demonstrate that it was not objectively reasonable for the defendant to believe that his action did not violate such law.  Harhay, 323 F.3d at 211; Poe, 282 F.3d at 133 (quoting Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir.1998)).

   Given the above discussion, the qualified immunity defense is relevant only to Defendant Quinn.  Taking the Plaintiff's factual allegations as true, Defendant Quinn issued Plaintiff a false misbehavior report in retaliation for Plaintiff's exercising of his First Amendment rights to file grievances and participate in the ILC.  These are well established rights.  It is not objectively reasonable for Defendant Quinn to believe that issuing a misbehavior report because of such conduct and for the purpose of disqualifying Plaintiff from the ILC was lawful.  Thus, at this stage in the litigation, Defendant Quinn is not entitled to qualified immunity.

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 42) is **APPROVED** and **ADOPTED in PART**; and it is further

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 25) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED**, that Plaintiff's Complaint is **DISMISSED in its ENTIRETY** as to Defendants Fischer, Graham, Redmond, Burdick, and Merville; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.


DATED:     March 23, 2010
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge